TERRANCE CHAKA FARAJ PRUDE,
ANDRES DEL REAL, TROY JOHNSON,
DANIEL MITCHELL, MIGUEL GARCIA,
and JEROME WALKER,

          ORDER

     Plaintiffs,

        Case No. 18-cv-79-wmc

  v.

GARY BOUGHTON,
CORRECTIONAL OFFICER WARD,
CORRECTIONAL OFFICER TAYLOR
AND CORRECTIONAL OFFICER
GALLINGER,

     Defendants.

Plaintiffs Troy Johnson, Daniel Mitchell, and Jerome Walker each submitted a certified inmate trust fund account statement for the six month period preceding the complaint in support of their pending motions to proceed without prepayment of the filing fee. Accordingly, the court must determine whether plaintiffs qualify for indigent status and, if so, calculate an initial partial payment of the $350.00 fee for filing this case for each plaintiff.

Even when an inmate litigant qualifies for indigent status, the litigant must pay a portion of the fee returned by the formula set forth in 28 U.S.C. § 1915(b)(1). Using information for the relevant time period from each plaintiff's trust fund account statement, I calculate plaintiff Johnson's initial partial filing fee to be $63.71; plaintiff Mitchell's initial partial filing fee to be $14.40; and plaintiff Walker's initial partial filing fee to be $227.23. For this case to proceed, plaintiffs must each submit their assessed initial partial payment on or before March 21, 2018.

On February 15, 2018, plaintiff Terrance Prude submitted a letter along with documentation, dkt. #7, indicating that the institution business office is refusing to provide him with a trust fund account statement because plaintiff Prude currently does not have

enough funds in his regular account to pay for a certified copy of a trust fund account statement. Because it may be possible that with an extension of time plaintiff Prude will have enough funds in his regular account to obtain a trust fund account statement, I will give plaintiff Prude until March 21, 2018, to submit a certified trust fund account statement. If by March 21, plaintiff Prude is still unable to pay for a certified copy of his trust fund account statement, plaintiff Prude should again provide documentation from the institution indicating as such.

ORDER

IT IS ORDERED that,

1.      Plaintiff Terrance Prude may have an extension of time until March 21, 2018, to submit a certified trust account statement. If plaintiff Prude fails to submit a certified trust fund account statement, or show cause for failure to do so, plaintiff Prude will be held to have withdrawn from this action voluntarily.

2.      Plaintiffs Troy Johnson is assessed $63.71 as an initial partial payment of the $350.00 fee for this case. Plaintiff Johnson is to submit a check or money order made payable to the clerk of court in the amount of $63.71 or advise the court in writing why he is not able to submit the assessed amount on or before March 21, 2018. If plaintiff Johnson does not have enough money to make the initial partial payment from his regular account, plaintiff should arrange with prison authorities to pay the remainder from plaintiff's release account.

3.      Plaintiff Daniel Mitchell is assessed $14.40 as an initial partial payment of the $350.00 fee for this case. Plaintiff Mitchell is to submit a check or money order made payable to the clerk of court in the amount of $14.40 or advise the court in writing why he is not able to submit the assessed amount on or before March 21, 2018. If plaintiff Mitchell does not have

enough money to make the initial partial payment from his regular account, plaintiff Mitchell should arrange with prison authorities to pay the remainder from plaintiff's release account.

4.     Plaintiff Jerome Walker is assessed $227.23 as an initial partial payment of the $350.00 fee for filing this case.  Plaintiff Walker is to submit a check or money order made payable to the clerk of court in the amount of $227.23 or advise the court in writing why plaintiff Walker is not able to submit the assessed amount on or before March 21, 2018.  If plaintiff Walker does not have enough money to make the initial partial payment from his regular account, plaintiff Walker should arrange with prison authorities to pay the remainder from plaintiff's release account.

5.     If, by March 21, 2018, plaintiff Johnson, Mitchell or Walker fails to make his initial partial payment or show cause for failure to do so, I will assume that that plaintiff wishes to withdraw from this action voluntarily.

6.     No further action will be taken in this case until the clerk's office receives plaintiffs' initial partial filing fees as directed above and the court has screened the complaint as required by the Prisoner Litigation Reform Act, 28 U.S.C. § 1915A.  Once the screening process is complete, a separate order will issue.


Entered this 27th day of February, 2018.

BY THE COURT:


/s/
PETER OPPENEER
Magistrate Judge