IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TERRANCE PRUDE,<br>ANDRES DEL REAL,<br>TROY JOHNSON,<br>DANIEL J. MITCHELL, and<br>MIGUEL GARCIA,<br><br>        Plaintiffs,<br>  v.<br><br>GARY BOUGHTON,<br>CORRECTIONAL OFFICER WARD,<br>CORRECTIONAL OFFICER TAYLOR,<br>and CORRECTIONAL OFFICER<br>GALLINGER,<br><br>        Defendants. | OPINION and ORDER<br><br>Case No. 18-cv-79-wmc |

*Pro se* plaintiffs Terrance Prude, Andres DeReal, Troy Johnson, Daniel Mitchell, Miguel Garcia and Jerome Walker filed this lawsuit pursuant to 42 U.S.C. § 1983. Plaintiffs claim that defendants, employees at the Wisconsin Secure Program Facility ("WSPF"), violated their constitutional rights by virtue of a December 14, 2017, strip search. Since all plaintiffs are incarcerated, the court has taken the complaint under advisement for screening pursuant to 28 U.S.C. § 1915A. In the meantime, I will grant plaintiffs' pending motion requesting confidentiality. (Dkt. #2.)

In their motion, plaintiffs request that the court seal this entire matter from the public record, and list five justifications in support. Their justifications boil down to two concerns: potential harassment, humiliation, intimidation and extortion by other inmates, and actual retaliation and threats by WSPF staff. Taking the former concern first, while

plaintiffs have not indicated the exact nature of the threats they have received, they claim that staff have threatened them because of their internal complaints about the strip search. While certainly there are two sides to their allegations, I accept plaintiff's claims at true at this stage and agree that retaliatory behavior by prison staff constitutes good cause to seal this lawsuit from the public record. Furthermore, plaintiffs' claim about staff suggest that they may not be able to turn to staff for help or protection should other inmates use information about this case for purposes of harassment, intimidation, or extortion. Therefore, the motion to seal will be granted for the present, with the caveat that I or the presiding judge will reconsider making certain records public in the future based upon an adequate showing by defense counsel that plaintiffs are not at risk of retaliation, harassment, intimidation or extortion.

ORDER

IT IS ORDERED that plaintiffs' motion requesting confidentiality (dkt. #2) is GRANTED.

Entered this 17th day of September, 2018.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge