IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRANCE PRUDE, *et al.*,

        Plaintiffs,

v.

CORRECTIONAL OFFICER WARD, *et al.*,

        Defendants.

ORDER

18-cv-79-slc

---

In a June 25, 2019 order addressing a discovery dispute, I observed that plaintiffs' motion for summary judgment signature page (filed March 19, 2019) was a recycled version of the signature page from the complaint, that Prude alone submitted. Accordingly, I limited plaintiffs' motion for summary judgment to Prude alone, and issued the following warning:

> To the extent Prude has changed the date on the January 23, 2018 signature page in an attempt to establish that the other plaintiffs actually had signed the summary judgment brief . . . this constitutes fraud upon the court. If Prude engages in such misleading behavior again – in any of his pending lawsuits – then he will face extraordinary sanctions, including possible dismissal of all of his pending lawsuits and a possible litigation bar in this court. The court takes the integrity of judicial proceedings seriously; Prude had better start doing the same or he will face the consequences.

(Dkt. 57.)

Today, June 26, 2019, I am reviewing a June 20, 2019 motion for reconsideration, purportedly signed by all plaintiffs on June 3, 2019. (Dkt. 55.) My review of the signature page of that motion reveals that this is another recycled signature page from the complaint, and that Prude is responsible for submitting it. (*Id.* at 2.) In fact, plaintiffs' only other group filing in this lawsuit, their motion requesting confidentiality (dkt. 2 at 2) also recycled the complaint's signature page and was submitted by Prude.[1]

---

[1] Since it appears that Prude has been the only plaintiff actually preparing court filings, I reviewed each plaintiff's consent form to confirm that this matter was properly referred to me. It appears that each consent form was properly signed, so I accept that this case is properly before me.

Given Prude's litigation experience, he certainly would have been aware of the potential consequences of continually recycling the complaint's signature page in this manner. Even so, I did not explicitly warn Prude until yesterday that he would be sanctioned for this conduct. Therefore, I will limit the court's response to simply striking the motion for reconsideration. Any future misconduct in this lawsuit by Prude will result in harsher sanctions.

ORDER

It is ORDERED that plaintiffs' motion for reconsideration (dkt. 55) is STRUCK for having been filed under false pretenses.
.

Entered this 26th day of June, 2019.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge