IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRANCE PRUDE, *et al.*,

        Plaintiffs,

v.

CORRECTIONAL OFFICER WARD, *et al.*,

        Defendants.

ORDER

18-cv-79-slc

---

    Plaintiffs are proceeding in this action against Wisconsin Secure Program Facility (WSPF) employees Gallinger, Ward, and Taylor, on Eighth Amendment claims challenging how Gallinger carried out a strip search, and how Ward and Taylor failed to intervene to correct Gallinger when they saw how he was carrying it out. According to the complaint, when conducting the strip search, Gallinger allegedly made comments that he wanted to see penises, conducted the strip search in the view of other inmates and officers, and made plaintiffs do jumping jacks during the search, and Ward and Taylor did nothing to stop him. However, in the screening order, I denied plaintiffs leave to proceed against WSPF's warden, Gary Boughton: although plaintiffs alleged that Boughton authorized the strip search, none of the alleged facts permitted an inference that Boughton knew that Gallinger would carry it out in manner intended to humiliate plaintiffs. Now one of the plaintiffs, Terrance Prude, seeks reconsideration of my dismissal of Boughton for three reasons: (1) Boughton authorized the strip search, (2) the complaint seeks injunctive relief, and Boughton would be an appropriate defendant in his official capacity, and (3) Boughton allegedly destroyed video footage of the strip search in bad faith. (Dkt. 63.) I am denying this motion for the reasons that follow.

    Prude's first justification to reinstate Boughton is not well taken, since there still is no allegation suggesting that Boughton knew that defendants Gallinger, Ward, and Taylor would handle the strip search in the manner alleged by plaintiffs. Prude's third justification – the destruction of the video evidence – was not alleged in the complaint, so this is not a basis to

reinstate Boughton.  To the extent Prude intends pursue a sanction or adverse inference instruction against defendants related to that alleged instruction-to-destroy, he should bear in mind that his assertion that "Boughton is responsible for the destruction of the video evidence," (Pl. Mot. (dkt. 63)), falls far short of the required showing that the evidence was destroyed "for the purpose of hiding adverse information." *Bracey v. Grondin*, 712 F.3d 1012, 1019 (7th Cir. 2013) (internal citation omitted).

Prude's second justification requires a closer look.  In their complaint, plaintiffs are seeking injunctive relief in the form of an "injunction . . . to have each [plaintiff] transferred to any max prison in Wisconsin in order to allow Plaintiffs to get away from the inmates and prison officials who sexually harass and make fun of Plaintiffs' private body parts.  DOC 303.90 allows the Warden, Gary Boughton, to comply with this injunctive relief sought." (Compl. (dkt. 1) ¶ 35.)  However, Prude is currently incarcerated at Green Bay Correctional Institution.  Thus while his claims against Gallinger, Ward, and Taylor for monetary damages remain viable, his claim for injunctive relief appears moot.  The only possible way for Prude to revive his request for injunctive relief would be for him to make an adequate showing that he faces an actual possibility that he will be transferred back to WSPF. *Nelson v. Miller*, 570 F.3d 868, 882 (7th Cir. 2009) (to maintain an injunctive relief claim, there must be "some cognizable danger of recurrent violation, something more than a mere possibility").  Since Prude has not made such a showing, I am rejecting this justification to reinstate Boughton as a defendant.  However, I will deny the motion without prejudice insofar as Prude may renew his request to reinstate him as a defendant in his official capacity if he learns he may be transferred back to WSPF and can submit evidence beyond his own belief in support.

2

## ORDER

It is ORDERED that plaintiffs' motion for reconsideration (dkt. 63) is DENIED. The denial is without prejudice insofar as Prude may renew the motion to add Boughton in his official capacity only.

Entered this 10th day of July, 2019.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge