IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TERRANCE PRUDE,
ANDRES DEL REAL,
TROY JOHNSON, DANIEL J.
MITCHELL, MIGUEL GARCIA, and
JERMONE WALKER,

OPINION and ORDER

18-cv-79-slc

        Plaintiffs,

v.

SHAWN GALLINGER, BRANDON
WARD, MARY TAYLOR, and
GARY BOUGHTON,

        Defendants.

Pro se plaintiffs Terrance Prude, Andres Del Real, Troy Johnson, Daniel Mitchell, Miguel Garcia, and Jerome Walker are proceeding to trial on claims under the Eighth Amendment that defendant Shawn Gallinger carried out a strip search with the intent to humiliate and harass them, and that defendants Mary Taylor and Brandon Ward failed to protect plaintiffs' from Gallinger's actions. On July 28, 2020, I held a telephonic scheduling and status conference with the parties (although plaintiff Andres Del Real did not participate) and we discussed the following four issues:

*First,* I informed the parties that because of the social distancing measures we must take in light of COVID-19, this court cannot accommodate a six-plaintiff, in-person jury trial in a conventional way in the near future. Therefore, I outlined three possible ways this case will proceed to trial:

(1) If plaintiffs want to have an in-person trial with all six plaintiffs, then we will agree to stay this matter until it is safe to hold a trial with all six plaintiffs. Plaintiffs understand that this option likely means this trial may not take place for a year.

1

(2) Plaintiffs may agree to have two trials, with three plaintiffs trying their claims against defendants at a time.  Plaintiffs understand that Prude will not be able to participate in both trials.  If the state opposes this, then the court will decide where the equities lie.

(3) If plaintiffs want to go to trial sooner with all six plaintiffs proceeding at the same time, then we would allow three plaintiffs to attend in person and three others can sign waivers of personal appearance and would appear by video for the entire trial.  Plaintiffs will be allowed to choose which of them appear in person and which will agree to appear by video.

Plaintiffs have until **August 31, 2020,** to notify the court which option they each choose, or if they wish to propose another option.  For instance, the court probably could hold a bench trial with all six plaintiffs appearing in person, but all parties would have to waive their right to a jury.  Plaintiffs can come to an agreement together or they each notify the court independently of what they want to do.  After hearing from plaintiffs, I will decide whether to get input from defendants and how to proceed.

*Second*, and relatedly, a few of the plaintiffs reported that they have been having difficulty communicating with each other through the mail because institution staff have been withholding letters from co-plaintiffs about this lawsuit.  Defense counsel agreed to reach out to the appropriate officials at Green Bay Correctional Institution, Waupun Correctional Institution, and Columbia Correctional Institution to investigate why plaintiffs' communications have been withheld, and to determine whether a court order directing those officials to allow plaintiffs to send each other mail will be necessary.  Defendant counsel has until **August 11, 2020,** to notify the court whether its intervention will be necessary.

*Third*, it appears that plaintiff Andres Del Real has abandoned his claims in this lawsuit. During today's call, defense counsel reported, through GBCI officials, that Del Real was transported to participate in today's call, but he refused to get on the phone.  Del Real has not

submitted any pre-trial filings, nor has he otherwise indicated an interest in pursuing this lawsuit. Accordingly, unless Del Real affirms his intent to participate in this lawsuit by writing a letter to the court by **August 11, 2020**, I will dismiss his claims in this lawsuit with prejudice, pursuant to Federal Rule of Civil Procedure 41(b).

*Fourth*, I explained that I would be denying plaintiff Jerome Walker's renewed motion for assistance in recruiting counsel (dkt. 131). In his motion, Walker reiterated that he has a learning disability and has difficulty reading and understanding the papers that defense counsel has sent him. However, as I explained during the hearing and when I previously denied Prude's request for assistance in recruiting counsel, this case is not factually or legally complex. (*See* dkt. 113 at 2.) Additionally, as is my practice in every pro se prisoner trial, I will ensure that each plaintiff receives a fair opportunity to present his claims. Walker is no exception: I will take care that Walker has every opportunity to tell his version of the relevant facts, to ask questions of defendants, and to raise his own arguments in support of his claims. Furthermore, given that Walker's claims against defendants are so similar to Prude's claims, and Prude indicated his willingness to explain any confusing issues to Walker up to and including at trial, Walker should be able to navigate this trial without the help of an attorney. (Toward this end, it would make sense for Walker to be one of the three defendants who actually attends the trial in person if we split it in some fashion.) Accordingly, I am not persuaded that Walker needs an attorney to present his case to the jury, so I am denying Walker's request for recruitment of counsel.

ORDER

IT IS ORDERED that:

1. Plaintiffs have until **August 31, 2020,** to notify the court -- either through a group submission or individually -- how they wish to proceed to trial.

2. Defendants have until **August 11, 2020,** to notify the court whether court intervention will be necessary to ensure that DOC staff do not withhold plaintiffs' correspondence with each other about this lawsuit.

3. Plaintiff Andres Del Real is advised that if by **August 11, 2020,** he fails to affirm his interest in litigating this case, his claims in this lawsuit will be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. Plaintiff Jerome Walker's motion for assistance in recruiting counsel (dkt. 131) is DENIED.

Entered this 29th day of July, 2020.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge